# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                       No. 1:16-cv-1019 MV/GBW
                                                                           1:02-cr-00953 MV

JOSE ESTEBAN GUERRERO,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Before the Court is Defendant's Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 147) and supplement thereto (CV Doc. 2; CR Doc. 148). Defendant is incarcerated and proceeding *pro se.* He asks the Court to vacate his life sentence, which was imposed after three felony drug convictions. After reviewing the motion *sua sponte* under Habeas Corpus Rule 4(b), the Court will dismiss Defendant's motion without prejudice for lack of jurisdiction.

## Background and Procedural History

On December 4, 2002, Defendant was convicted pursuant to 21 U.S.C. §§ 841 and 846 of three charges relating to the possession and distribution of methamphetamine. *See* CR Doc. 67.[1] The United States sought an enhanced sentence pursuant to 21 U.S.C. § 841(b)(1)(A) based on two prior felony convictions from Maricopa County Superior Court: a 1991 conviction for conspiracy to possess cocaine and a 1997 conviction for the sale of marijuana. *See* Doc. 72. As a result of the enhancements, Defendant was sentenced to life imprisonment on February 23, 2003. *See* Doc. 76.

---

[1] Unless otherwise noted, all further references are to documents filed in the criminal case, 1:02-cr-00953.

Defendant appealed to the Tenth Circuit Court of Appeals, which affirmed the conviction on February 2, 2004. Defendant then filed a petition for certiorari with the United States Supreme Court, which was denied on October 4, 2004.

On October 11, 2005, Defendant filed his first motion to vacate or correct sentence pursuant 28 U.S.C. § 2255 (Doc. 92; *see also* 6:05-cv-1074 BB/CG, CV Doc. 1). The motion raised issues regarding coercion and ineffective assistance of counsel. *Id.* By an order entered May 30, 2007, the Court denied the first § 2255 motion and dismissed the civil action with prejudice. *See* Doc. 49. The Court found that the plea was voluntary and that counsel's performance was objectively reasonable. *See* Docs. 42, 49.

Defendant filed the second § 2255 motion on September 13, 2016, though it was signed five days earlier. He seeks relief pursuant to *Johnson v. United States,* 135 S. Ct. 2551 (2015) and *Mathis v. United States,* 136 S. Ct. 2243 (2016). Specifically, Defendant argues his prior cocaine conviction only involved delivery, rather than an offer to sell, which is insufficient to justify the enhanced sentence. Defendant has not sought or received permission from the Tenth Circuit to file a second or successive § 2255 motion.

**Discussion**

"A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the Tenth Circuit] has granted the required authorization." *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). *See also* § 2255(h) (requiring a second or successive motion to be certified by the appropriate court of appeals). When the motion is filed without authorization, the district court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating whether a transfer is in the interest of

2

justice include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

"Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." *Id.* at 1252. To be meritorious, a second or successive motion must be based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Supreme Court cases on which Defendant relies, *Johnson* and *Mathis,* do not justify transferring the claim to the Tenth Circuit, for three reasons. First, the asserted *Johnson* claim is time barred. Section 2255(f)(3) requires that a § 2255 motion relying on a newly-recognized right must be filed within "one year from the date on which the right was initially recognized." *Dodd v. U.S.,* 545 U.S. 353, 357 (2005); *U.S. v. Freeburg Hong,* 655 F. Appx. 649, 652 (10th Cir. 2015) (suggesting that under § 2255(f)(3), *Johnson* claims must be filed within one year after the decision was issued). *Johnson* was issued on June 26, 2015, and the limitation period expired one year later on June 26, 2016. Defendant's second § 2255 motion was not signed or filed until September 2016. The motion therefore does not meet the requirements of § 2255(f)(3).

Even if the motion were timely, Defendant's sentence could not be reduced under *Johnson.*

3

*Johnson* held that the residual clause of the Armed Career Criminals Act ("ACCA") was unconstitutionally vague. Defendant was not sentenced under that clause, nor was he sentenced under the career offender provisions of § 4B1.1(a) of the United States Sentencing Guidelines, as he appears to believe. Defendant's sentence was enhanced pursuant to 21 U.S.C. § 841(b)(1)(A) based on two prior felony drug convictions. *Johnson* is not pertinent to such cases. *See In re Williams,* 826 F.3d 1351, 1356 (11th Cir. 2016) ("Since the § 841(b)(1)(A) mandatory life sentence is triggered by prior convictions for a 'felony drug offense,' it is not even arguably affected by *Johnson's* holding regarding the ACCA's residual-clause definition of a violent felony."); *Barnes v. U.S.*, No. 3:13-cr-45, 2016 WL 1175092, at *4 n. 3 (E.D. Tenn. Mar. 23, 2016) ("Quite simply, *Johnson* 'has no bearing' on whether a prior conviction qualifies as … a prior felony drug conviction under [21 U.S.C.] § 841(b)(1)(A)."); *Kendricks v. U.S.*, No. 1:11-cr-27, 2017 WL 1097096, at *2 (E.D. Tenn. Mar. 23, 2017) ("[T]he *Johnson* decision is inapposite" to § 841(b)(1)(A)).

Finally, Defendant cannot raise a stand-alone claim under *Mathis,* which gives instruction on how to determine whether an offense qualifies as a prior "violent felony" justifying an ACCA enhancement. 136 S. Ct. at 2257. *Mathis* does not appear to apply to Defendant's drug convictions. Even if it were on point, however, the Supreme Court did not announce "a new rule … made retroactive to cases on collateral review" as required by § 2255(h)(2). *See U.S. v. Taylor,* --- F. Appx. ---, 2016 WL 7093905, *4 (10th Cir. Dec. 6, 2016) (noting that "the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent"). *Mathis* therefore does not appear to provide a basis for permitting a successive § 2255 petition.

Based on the foregoing, the Court determines that a transfer to the Tenth Circuit is not in

the interest of justice. Defendant's second § 2255 motion will be dismissed without prejudice for lack of jurisdiction, and a certificate of appealability will be denied.

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 147) and supplement thereto (CV Doc. 2; CR Doc. 148) is DISMISSED without prejudice for lack of jurisdiction.

IT IS FURTHER ORDERED that since the Court considered Defendant's "Supplement Pursuant to Federal Rules of Civil Procedure 15(d)" (CV Doc. 2; CR Doc. 148), any request to amend the motion is DENIED as moot.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED; and judgment will be entered.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE